G. S. MERRIAM & CO. vs. MARY E. WHITE.

18   727
19   484
18   727
24   258

Under Pub. Stat. R. I. cap. 166, § 4, as amended by Pub. Laws, cap. 1204, § 1, whereby any married woman is authorized to "make any contract whatsoever, the same as if she were sole and unmarried with the same rights and liabilities," a married woman may be sued for the price of goods sold and delivered to her without joining her husband as a defendant.

Pub. Stat. R. I. cap. 166, § 16, as amended by Pub. Laws, cap. 1204, is limited to actions relating to the property of a married woman, and does not extend to actions to recover debts which she owes.

ASSUMPSIT. Certified from the Common Pleas Division on demurrer to a plea of coverture.

*November* 26, 1894. MATTESON, C. J. This is an action of *assumpsit* to recover $41.27, which the plaintiffs claim to be due to them on book account, for wall paper and picture moulding sold and delivered to the defendant. It was originally brought in the District Court of the Sixth Judicial District. On the day of the entry of the action in the District Court, the defendant claimed a jury trial. Thereupon, the District Court certified the case to the Common Pleas Division of this Court. The defendant pleaded, 1, in abatement, the coverture of the defendant; and, 2, the general issue. The plaintiffs demurred to the plea of coverture and the Common Pleas Division certified the case to this Division for hearing on the demurrer.

The demurrer presents the question whether suit can be brought and maintained against a married woman for the recovery of the price of goods which she has purchased, without joining her husband as a defendant. This depends on the construction of Pub. Stat. R. I. cap. 166, §§ 4, 16, as amended by Pub. Laws R. I. cap. 1204, §§ 1, 2. Section 4 as amended is as follows:

"Any married woman may make any contract whatsoever, the same as if she were single and unmarried and with the same rights and liabilities."

Section 16, as it stood prior to the enactment of chapter 1204, was as follows:

"In all actions relating to the property of any married

woman, secured to her by this chapter, the husband and wife shall jointly sue and be sued, except in case a trustee of the same be appointed as hereinafter provided, and except in actions upon such contracts as she is authorized to make by section six of this chapter, in which last case the wife may sue and be sued alone."

By § 2 of chapter 1204 of the Public Laws, § 6 of chapter 166 of the Public Statutes was repealed, the effect of which was to eliminate from § 16 the last exception contained in it and to leave it to stand as follows :

"In all actions relating to the property of any married woman, secured to her by this chapter, the husband and wife shall jointly sue and be sued, except a trustee of the same be appointed as hereinafter provided."

We are of the opinion that § 4 as amended authorizes the bringing of a suit in the circumstances mentioned against a married woman without joining her husband.   There can be no question that a single woman could purchase goods and render herself liable to be sued for the recovery of the price if she did not pay the purchase money.   As the statute authorizes a married woman to make any contract whatsoever, the same as if single and unmarried and with the same rights and *liabilities*, it must necessarily follow that she, too, may make a contract for the purchase of goods and thereby bind herself for the payment of the price on delivery of the goods and render herself liable to be sued if she does not pay, precisely as if she were single and unmarried ; otherwise her liability on such a contract would not be coextensive with that of a single woman, and if not coextensive, not the same, as the statute declares it shall be.

It will be observed that § 16 of the Public Statutes as it stands, and has stood since the passage of chapter 1204 of the Public Laws, is limited to actions relating to the *property* of a married woman.   It does not purport to extend to her contracts.   A debt which a married woman owes is not her property, and, therefore, § 16 can have no application to such a suit as the present.

Demurrer sustained, plea of coverture overruled and case

remitted to the Common Pleas Division for further proceedings.

*Edwin C. Pierce,* for plaintiffs.

*Marquis D. L. Mowry,* for defendant.